**FILED & ENTERED**

SEP 02 2020

**CLERK U.S. BANKRUPTCY COURT
Central District of California
BY** craig        **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>Affordable Auto Repair, Inc.<br><br><br><br><br><br><br>Debtor(s). | Case No.: 6:19-bk-18367-MW<br><br>CHAPTER 11<br><br>**MEMORANDUM DECISION AND ORDER**<br><br>[Re: Debtor's Motion For Approval Of Chapter 11 Disclosure Statement]<br><br>Date:         August 13, 2020<br>Time:        2:00 PM<br>Courtroom: 225<br>                    3420 Twelfth Street<br>                    Riverside, CA 92501 |

Appearances**:**  Michael Jones, Esq., M. Jones & Associates, PC, for the Debtor;
Everett L Green, Assistant United States Trustee, for the Office of the United States Trustee.

**WALLACE, J.**

This matter comes before the Court upon the motion (the "Motion") of debtor Affordable Auto Repair, Inc. ("Debtor") for approval of its Disclosure Statement Describing Chapter 11 Plan of Reorganization Dated 5 August 2020 (the "Disclosure Statement"). The United States

Trustee ("UST") objects to the approval of the Disclosure Statement on the ground that it describes an unconfirmable plan.

Debtor's proposed Chapter 11 Plan of Reorganization Dated 5 August 2020 (the "Plan") provides for the treatment of general unsecured claims placed in Class 4 as follows: (1) Class 4 members who vote to accept the Plan are paid 8 percent of their claims over 36 months at 4 percent per annum interest; (2) Class 4 members who vote to reject the Plan are paid 4 percent of their claims with no interest, the payment to be made in one lump sum in the 48th month; and (3) Class 4 members who do not vote (and who do not otherwise oppose Plan confirmation) are treated in the same manner as Class 4 members who vote to accept the plan (*viz.,* they are paid 8 percent of their claims over 36 months with 4 percent per annum interest) provided that Class 4 as a whole accepts the Plan. The Plan candidly states that "Class 4 members are highly incentivized to cast a ballot in favor of the Chapter 11 Plan by having their claim paid a higher dividend and faster in the plan."

In its objection, the UST contends that the Plan is not proposed in good faith because the provisions described above prohibit creditors from exercising rights conferred by the Bankruptcy Code.

In its response to the UST objection, Debtor argues that courts generally uphold so-called "death trap" provisions that penalize creditors voting to reject a chapter 11 plan and reward creditors voting to accept a chapter 11 plan by providing more generous dividends to those who vote to accept the plan and less generous dividends to those who vote to reject the plan. These provisions are also known as "carrot and stick," "toggle," or "fish-or-cut-bait" provisions.

Debtor cites a number of cases in support of its argument. *In re MPM Silicones LLC,* No. 14-22503, 2014 WL 4637175 at *3 (Bankr. S.D.N.Y., Sept. 17, 2014); *In re Adelphia Communications Corp.,* 368 B.R. 140, 175 (Bankr. S.D.N.Y. 2007); *In re Zenith Electronics Corp.*, 241 B.R. 92, 105 (Bankr. D. Del. 1999); and *In re Drexel Burnham Lambert Group.*, 138 B.r. 714, 717 (Bankr. S.D.N.Y. 1992). Indeed, these cases generally approve plan structures that reward an <u>entire class</u> with better treatment if it votes to accept the plan (i.e., at least two-

thirds in dollar amount and more than one-half in number pursuant to 11 U.S.C. § 1126(c )) than the <u>entire class</u> would receive if it voted to reject the plan.  In such a structure, an individual creditor voting to reject the plan receives the better treatment if the class votes to accept the plan.  A creditor voting to accept the plan is saddled with the poorer treatment if the class votes to reject the plan.  One justification for the disparate treatment is that, if the class accepts, the plan proponent is saved the expense and uncertainty of a cramdown fight.  *Zenith Electronics Corp., supra,* 241 B.R. at 105.  Additionally, it is in keeping with the Bankruptcy Code's overall policy of fostering consensual plans of reorganization and does not violate the fair and equitable requirement of 11 U.S.C. § 1129(b).  *Id.*  Stated somewhat differently, there is a valid and legitimate business purpose for the disparate treatment.

Debtor's Plan, however, differs materially from the type of plan described above.  Under the structure proposed by Debtor and described above, individual creditors in Class 4 who vote to accept the Plan are rewarded with better treatment even if Class 4 as whole votes to reject the Plan.  Such a structure would not appear on its face to have a valid and legitimate business purpose:  even though cramdown expense is not avoided because Class 4 as a whole voted to reject the plan, the minority of Class 4 members who voted to accept the plan nevertheless reap rewards through superior treatment of their claims.

In response to this point, Debtor cites *In re Emerald Oil, Inc.*, No. 16-10704 (Bankr. D. Del., March 24, 2017), where a bankruptcy court confirmed a chapter 11 plan that provided for a distribution to holders of Class 4 claims voting to accept the plan and no distribution for Class 4 claimholders voting to reject the plan.  Exhibit A to Order Confirming Debtors' Amended Joint Plan of Liquidation (As Modified) Pursuant to Chapter 11 of the Bankruptcy Code, Docket No. 1134-1, filed March 24, 2017 at pages 12, 19 of 50.  The *Emerald Oil* court found no violation of 11 U.S.C. § 1123(a)(4), which requires that all members of a class receive the same treatment unless a holder of a particular claim or interest consents to less favorable treatment.  A difference between *Emerald Oil* and this case is that in *Emerald Oil* Class 4 creditors voting to reject the plan received a right to opt out of third party releases.  Class 4 members voting to accept received no such right and were required to grant third party releases.

At oral argument, Debtor's counsel strongly contended that 11 U.S.C. § 1123(a)(4) is not violated because all Class 4 creditors are in fact treated the same: each such creditor equally has the option to vote to accept, vote to reject or not vote at all.

Strictly speaking, this may well be true. However, even if the plan's structure passes muster under 11 U.S.C. § 1123(a)(4), it may not necessarily pass muster under 11 U.S.C. § 1126(e).

Bankruptcy Code section 1126(e) provides that "[o]n request of a party in interest, and after notice and a hearing, the court may designate any entity whose acceptance or rejection of such plan was not in good faith, or was not solicited or procured in good faith or in accordance with the provisions of this title." *Collier on Bankruptcy* shows that section 1126(e) is derived from earlier provisions in the Bankruptcy Act of 1898 and former Bankruptcy Rules "which were intended to prevent creditors and stockholders, by use of obstructive tactics or of hold-up techniques, from exacting for themselves advantages through acceptance or rejection of a plan, or to secure some preferential treatment such as management of the company for the price of their vote." 7 *Collier on Bankruptcy* ¶1126.06 n. 2 (16th Ed.). Good faith does not require a creditor's selfless disinterest but is inconsistent with pure malice, blackmail or an intent to destroy the debtor's business. *Insinger Mach. Co. v. Fed. Support Co. (In re Fed. Support Co.),* 859 F.2d 17, 19 (4th Cir. 1988).

Most of the case law under section 1126(e) appears to relate to bad faith or alleged bad faith on the part of creditors, but the statutory language is broad enough to encompass bad faith on the plan proponent's part: " . . . the court may designate any entity whose acceptance or rejection of such plan . . . was not solicited or procured in good faith . . ."

Here, a Class 4 creditor voting the accept the Plan (and thereby gain better treatment of such creditor's claim) might well be regarded as acting in rational self-interest and therefore would not be considered to be in bad faith under section 1126(e). *John Hancock Mut. Life Ins. Co. v. Route 37 Bus. Park Assocs.*, 987 F.2d 154, 161 (3d Cir. 1993). However, the fact that such a creditor would be in good faith does not necessarily lead to the conclusion that the plan proponent is in good faith. The good faith of one party to a transaction does not automatically

-4-

insulate the other party to the transaction from a charge of bad faith. If a would-be monopolist is offering goods at a price below the cost of production for the purpose of destroying a competitor, the good faith of those buying from the would-be monopolist does not insulate the would-be monopolist from anti-trust related charges.

For the jurisprudential reasons delineated below, the Court makes no ruling at this time as to whether Class 4 members voting to accept the Plan should have their votes designated under section 1126(e) on the ground that such acceptance was not solicited or procured in good faith. The Court will leave it to the Debtor, the United States Trustee and any other interested party to examine whether the Plan's treatment of Class 4 creditors is motivated by a legitimate and valid business purpose on one hand or, on the other hand, whether it is a structure intended and designed to facilitate vote-buying through impermissible coercion rising to the level of bad faith on the Debtor's part.

The matter is currently unripe for decision. The Court does not now have before it any motion to designate votes pursuant to section 1126(e ) nor any briefing that may be related to such a motion.

Therefore, the Motion is granted, and the Court approves the Disclosure Statement, with all rights reserved to the United States Trustee and any interested party to take appropriate action with respect to the matters discussed above.

The Plan, Disclosure Statement and Ballots shall be served on or before September 18, 2020. The due date for the return of ballots and deadline for the filing and service of any objection to confirmation of the Plan is October 23, 2020. The deadline for the filing and service of the Plan confirmation memorandum and the filing and service of any reply to an objection to Plan confirmation is October 30, 2020.

The Plan confirmation hearing shall be held at 2:00 p.m. on November 9, 2020 at Courtroom 6C, 411 West Fourth Street, Santa Ana, CA 92701. If the Courthouse is open to the public on that date, the Court will hold an in-person hearing with rights reserved to all parties in interest to appear telephonically. If the Courthouse is closed to the public on that date, in-person appearances at the Courthouse will be prohibited and each party desiring to

appear, be heard or witness the proceedings must appear telephonically.

    IT IS SO ORDERED.

Date: September 2, 2020

Mark S. Wallace
United States Bankruptcy Judge